# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3298-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

PIERCE DAIQUAN BRYANT,

     Defendant-Appellant.

_____

     Submitted February 15, 2022 – Decided February 24, 2022

     Before Judges Fisher and Currier.

     On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 09-05-0455.

     Joseph E. Krakora, Public Defender, attorney for appellant (Robert K. Uyehara, Jr., Designated Counsel, on the brief).

     Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Laura Sunyak, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In 2009, defendant was charged with first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(2), third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a), and two counts of third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). On July 10, 2009, defendant pleaded guilty to one count of third-degree child endangerment in exchange for the State's recommendation of a three-year suspended sentence and parole supervision for life. On October 13, 2009, defendant was sentenced to a three-year suspended sentence; the judgment of conviction was entered on October 30, 2009.

Defendant appealed the sentence imposed, arguing without success that there was an insufficient factual basis for his guilty plea. State v. Bryant, 419 N.J. Super. 15, 17 (App. Div. 2011). While the appeal was pending, defendant was arrested and charged with violating a condition of his suspended custodial sentence and, on August 5, 2011, was sentenced to a three-year prison term. Defendant did not appeal that judgment of conviction, nor did he file a post-conviction relief (PCR) petition until May 11, 2017, more than five years from the date of the judgment of conviction.

In his PCR petition, defendant asserted that his trial attorney was ineffective for not adequately explaining to him the consequences of parole

supervision for life and the risk of incarceration upon a violation. After hearing oral argument from counsel, and without conducting an evidentiary hearing, the judge denied the petition, finding it both time-barred and without merit.

Defendant appeals, arguing:

> I. THE TRIAL COURT ERRED IN FAILING TO RELAX THE FIVE-YEAR TIME BAR.
>
> II. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S PCR [PETITION] FINDING THAT DEFENDANT RECEIVED EFFECTIVE ASSISTANCE [OF] COUNSEL FOR THE GUILTY PLEA.
>
> III. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S PCR [PETITION] WITHOUT AN EVIDENTIARY HEARING.

We find insufficient merit in these arguments to warrant further discussion in a written opinion, R. 2:11-3(e)(2), and we affirm substantially for the reasons set forth by Judge Peter E. Warshaw in his thoughtful and well-reasoned oral decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

3

A-3298-19